OPINION
The instant appeal stems from a final judgment of the Juvenile Division of the Lake County Court of Common Pleas. Appellant, Edward J. Castro, seeks the reversal of the trial court's decision upholding the constitutionality of the statutory scheme under which a criminal defendant can be declared a sexually oriented offender.
In August 1997, appellant entered a plea of "guilty" to two counts of corruption of a minor, a first-degree misdemeanor under R.C. 2907.04. Upon accepting this plea, the trial court postponed sentencing until a presentence investigation report could be prepared. During the interim period, appellant moved the trial court to declare R.C. Chapter 2950 unconstitutional because the "sexual offender" statutory scheme violated the prohibition against ex post facto laws.
On October 16, 1997, a sentencing hearing was held in this matter. Based upon the evidence presented during that proceeding, the trial court issued a judgment which sentenced appellant to a definite term of ninety days in the county jail. As part of this judgment, the trial court further found that appellant was a sexually oriented offender who had to comply with the registration requirements of R.C. Chapter 2950. However, the court also held that this obligation would not take effect until the court had had an opportunity to rule upon appellant's motion.
Approximately one month after rendering the sentencing judgment, the trial court issued a second judgment overruling appellant's motion challenging the constitutionality of R.C. Chapter 2950. Accordingly, the court ordered appellant to begin immediately to comply with the registration requirements of R.C.2950.04.
In now appealing the decision in the second judgment, appellant has asserted one assignment of error for our consideration. Under that assignment, appellant contends that the trial court erred in applying the sexual offender laws under R.C. Chapter 2950 to him because such an application was unconstitutional. Specifically, he argues that the imposition of the registration requirements violated the prohibition against expost facto laws because the conduct which formed the basis of his conviction occurred prior to the effective date of the sexual offender laws.
In relation to this argument, this court would simply note that the Supreme Court of Ohio has held that the R.C. Chapter 2950 can be applied retroactively. In State v. Cook (1998), 83 Ohio St.3d 404, the court expressly concluded that the registration and notification provisions of R.C. Chapter 2950 did not violate theex post facto prohibition because the scheme served a remedial purpose and was not punitive in nature.
Although the analysis in Cook focused primarily upon the "sexual predator" aspect of the sexual offender laws, the wording of the opinion supports the conclusion that the court intended for its decision to apply to the "sexual oriented offender" aspect of the laws. Again, we would emphasize that, as part of its general analysis of R.C. Chapter 2950, the Cook court indicated that the registration requirements could be retroactively applied to sexual predators. Given that the registration requirements are the provisions with which a sexually oriented offender must comply, it logically follows that the entire statutory scheme can be retroactively applied to a sexual offender who falls within that category.
As the trial court in this action did not err in denying appellant's motion challenging the retroactive application of R.C. Chapter 2950, his sole assignment of error is without merit. Accordingly, the judgment of the trial court is affirmed.
 _____________________________________ JUDITH A. CHRISTLEY, Presiding Judge
NADER, J., O'NEILL, J., concur.